IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD WAYNE BELLMAN,

   Petitioner,

 v.

BRAD CAIN,

   Respondent.

Case No. 2:19-cv-01512-HZ

OPINION AND ORDER

 Ronald Wayne Bellman
 7290622
 Snake River Correctional Institution
 777 Stanton Blvd.
 Ontario, Oregon 97914-8335

  Attorney for Petitioner

 Ellen F. Rosenblum, Attorney General
 Samuel A. Kubernick, Assistant Attorney General
 Department of Justice
 1162 Court Street NE
 Salem, Oregon 97310

  Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Lane County convictions for Sodomy and Sexual Abuse. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is dismissed on the basis that it is untimely.

## BACKGROUND

In 2011, the Lane County Circuit Court sentenced Petitioner to 300 months in prison after a jury convicted him of four counts of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Respondent's Exhibit 101. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion. *State v. Bellman* 259 Or. App. 306, 315 P.3d 447 (2013). When Petitioner did not seek review by the Oregon Supreme Court, the Oregon Court of Appeals issued the Appellate Judgment on January 8, 2014. Respondent's Exhibit 107.

On June 4, 2014, Petitioner filed for post-conviction relief ("PCR") in Malheur County.[1] The following year, he moved to voluntarily dismiss his case. On December 16, 2015, the PCR court granted the Motion to Dismiss and entered a Judgment in the case. Respondent's Exhibits 109-111.

---

[1] Although the PCR court file stamped the PCR Petition on August 26, 2014, under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions). Petitioner signed and dated his PCR Petition on June 4, 2014. Respondent's Exhibit 108, p. 4.

2 - OPINION AND ORDER

Almost four years later, on September 18, 2019, Petitioner filed his federal Petition for Writ of Habeas Corpus raising claims of ineffective assistance of counsel, trial court error, and actual innocence. Respondent asks the Court to deny relief on the Petition because it is not timely. Although Petitioner's supporting memorandum was due on January 27, 2020, Petitioner has not filed any briefing with the Court.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, the AEDPA's statute of limitations began to run when the Oregon Court of Appeals issued the direct Appellate Judgment on January 8, 2014. The filing of the PCR action on June 4, 2014 tolled the statute of limitations, but 147 days had already elapsed. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The statute of limitations resumed on December 16, 2015 when the PCR Judgment issued, and continued to run unabated for 1372 days until Petitioner filed this federal habeas corpus case on September 18, 2019. In total, 1519 untolled days elapsed, placing Petitioner's case well beyond the AEDPA's one-year statute of limitations.

Petitioner appears to recognize in his Petition that his case is untimely, and asks the Court to excuse that procedural deficiency on the basis that he is actually innocent. A petitioner who fails to comply with the AEDPA's statute of limitations may overcome such a default if he is able to show that he is actually innocent of his underlying criminal conduct. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a gateway showing of actual innocence, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence-that was not presented at trial" which establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Where Petitioner fails to present any new evidence of his innocence, he is unable to excuse his untimely filing.[2]

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 10 day of April, 2020.

_____
Marco A. Hernandez
United States District Judge

---

[2] Even if Petitioner had timely filed this case, where he did not fairly present any of his claims to Oregon's state courts, those claims would be ineligible for habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

5 – OPINION AND ORDER